**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CV-F-07-387 OWW/TAG |
| | ) | |
| | ) | MEMORANDUM DECISION DENYING |
| | ) | PLAINTIFF'S MOTION TO STRIKE |
| Plaintiff, | ) | CLAIMANT JAVIER ROSALES' |
| | ) | UNVERIFIED CLAIM AND ANSWER |
| vs. | ) | (Doc. 21) |
| | ) | |
| | ) | |
| 2006 DODGE CREW CAB PICKUP | ) | |
| TRUCK, VIN:1D7HA18266S610029, | ) | |
| LICENSE NUMBER: 7Y86727, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is the United States' motion to strike claimant Javier Rosales' unverified claim and answer.

A.  **BACKGROUND**.

On March 9, 2007, the United States filed a Verified Complaint for Forfeiture *In Rem* pursuant to 21 U.S.C. § 881(a)(4) against a 2006 Dodge Crew Cab Pickup Truck, VIN: 1D7HA18266S610029, License Number: 7Y86727.

On April 9, 2007, a Claim and Statement of Interest was filed by attorney David Candelaria on behalf of Claimant Javier Rosales.  The verification on the claim is made by David Candelaria (although Mr. Candelaria did not actually sign the Claim).  Also on April 9, 2007 and on behalf of Mr. Rosales, Mr.

Candelaria filed an Answer to Complaint for Forfeiture and Demand for Jury Trial and Verification Herein. Again, the verification is made by Mr. Candelaria (and, again, it is unsigned).

On July 25, 2007, Assistant United States Attorney Stephanie Hamilton-Borchers filed a Declaration in support of the Motion to Strike. Ms. Hamilton-Borchers avers in pertinent part:

> 3. In late February of 2007 I received information for the case agent assigned to this forfeiture action that the agency was unable to confirm the identity of a Javier Rosales who purported to be the owner of the defendant vehicle. The agency was unable to confirm whether this was an individual who in fact existed.
>
> 4. Prior to filing the above-captioned civil complaint I contacted counsel for Claimant, who had represented Claimant in the prior administrative proceedings that led to this action, and requested additional information regarding the Claimant in order to determine whether Claimant could, in fact, be an innocent owner to the defendant vehicle. I told Claimant's counsel I was unable to confirm the existence of the individual who had claimed to be the owner of defendant vehicle in the administrative proceedings. Counsel for Claimant declined to provide any identifying information regarding the person who purported to own the vehicle.
>
> 5. At the July 11, 2007, Scheduling Conference in this case I, along with the Court, advised Claimant's counsel that Claimant had never filed a verified claim as required by the rules. I refrained from immediately filing a Motion to Strike and instead agreed to allow Claimant until July 23, 2007, to file a verified claim and comply with the strict procedural rules for forfeiture proceedings.
>
> 6. On July 9, 2007, I received a facsimile from Claimant's counsel that purported to be the verified claim of Claimant. No

> verification has ever been filed with the Court.
>
> 7.  The United States continues to accrue storage and maintenance costs for the defendant vehicle.

The Motion to Strike and Ms. Hamilton-Borchers' declaration were filed on July 25, 2007 at 10:52 a.m.

On July 25, 2007 at 4:59 p.m., Mr. Candelaria filed a Verified Claim on behalf of Mr. Rosales, which claim is verified by the signature of Mr. Rosales executed on July 17, 2007. On August 14, 2007, Mr. Candelaria filed an Answer to Complaint for Forfeiture and Demand for Jury Trial and Verification Herein, which Answer is verified by the signature of Mr. Rosales executed on August 1, 2007.

Mr. Candelaria has filed a Declaration in which he avers in pertinent part:[1]

> 2.  At the Scheduling Conference in the present action heard on July 11, 2007, I was advised by the Court and the attorney for the government that my client's claim and answer were not verified. I instructed by secretary, Ms. Jamie Carrillo, to prepare, serve and file these pleadings on or before July 23, 2007. Mr. Rosales signed the pleadings on or about July 17, 2007 [sic] and the documents were transmitted to the office of the United States Attorney shortly thereafter. The aforementioned pleadings were *not* formally served and filed at that

---

[1] Mr. Candelaria did not file his opposition to the motion until August 16, 2007. Pursuant to the Local Rule, it was due to be filed on August 13, 2007. Because of this untimely filing, the United States requests that Mr. Candelaria not be allowed to partake of oral argument. However, the United States was able to file a reply brief and the Court was able to review the pleadings in connection with the motion.

>      time.  Claimant's claim was filed by the
>      prescribed electronic process on or about
>      July 25, 2007 and the answer was filed by the
>      same method on or about August 14, 2007.
>      These pleadings have been served and filed in
>      compliance with Court Rules.  The failure to
>      do so *prior to the filing of the instant
>      motion* was inadvertence.

B. <u>MERITS OF MOTION</u>.

Rule G(8)(c)(i), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, provides that, at any time before trial, the government may move to strike a claim or answer for failing to comply with Rule G(5) or (6), or because the claimant lacks standing.

The United States asserts that Claimant and Mr. Candelaria received notice of this forfeiture proceeding by certified mail on March 19, 2007, requiring Claimant to file a verified Claim by April 24, 2007, i.e., within 35 days pursuant to Rule G(4)(b)(ii)(B) and Rule G(5)(a)(ii)(A).  Rule G(5)(a)(i)(C) provides that a claim must be "signed by the claimant under penalty of perjury".

The United States primarily relies on *United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662 (3rd Cir.2007), case involving Rule C, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The Third Circuit held:

>      In order to stand before a court and contest
>      a forfeiture, a claimant must meet both
>      Article III and statutory standing
>      requirements ... To establish statutory
>      standing in a forfeiture case, the claimant
>      must comply with the procedural requirements
>      set forth in Rule C(6)(a) and § 983(a)(4)(A)
>      ... The most significant requirement is that

4

> the claimant must timely file a verified
> statement of interest, as required by Rule
> C(6)(a) ... The verified statement must
> identify the claimant's interest in the
> property.  Rule C(6)(a)(i).
>
> The requirement that the claimant file a
> timely verified statement of interest serves
> two purposes.  First, it forces claimants 'to
> come forward as quickly as possible after the
> initiation of forfeiture proceedings, so that
> the court may hear all interested parties and
> resolve the dispute without delay ... Second,
> it 'minimize[s] the danger of false claims by
> requiring claims to be verified or solemnly
> affirmed.' ...  For these reasons, the
> requirement 'is no mere procedural
> technicality.' ...  A claimant who fails to
> file a verified statement of interest has no
> standing to contest a forfeiture.

The United States argues that this motion should be granted because of Claimant's failure to file a verified claim within the time agreed to by the United States at the scheduling conference. The United States "will vehemently oppose any attempt by Claimant to seek to oppose this motion via a late-filed Claim" because of the need to resolve forfeiture actions quickly and because the United States continues to accrue storage fees for the vehicle.

Claimant argues that this motion should be denied because the United States has not been prejudiced by the delay:

> Plaintiff has not shown any actual prejudice
> arising from Claimant's failure to *serve* and
> *file* the responsive pleadings ... Plaintiff
> has had constructive and actual knowledge of
> Claimant's identity and the facts supporting
> his claim of ownership since the inception of
> this proceeding and the actual seizure of
> Claimant's motor vehicle.

The United States replies that there is no basis to excuse or otherwise justify the late-filed claim.  The United States

5

contends that the correct procedure would be to strike the Answer, allow the United States to obtain a default against Claimant and then place the burden on the Claimant to move to set aside the default.

The United States' protestations of prejudice due to the delay in complying with Ms. Hamilton-Borchers' agreement to allow Claimant to file a properly verified Claim and a properly verified Answer ring hollow when the Scheduling Order is examined. Jury trial is set for December 9, 2008, nondispositive motions are due by July 25, 2008 and dispositive motions are due by August 26, 2008.[2] Although Mr. Candelaria must timely comply with applicable rules and court orders, the failure to do so here was the result of carelessness on his part. The record is clear that the United States has been aware of Claimant and his Claim for months. To proceed as the United States suggests will be a waste of valuable judicial time for the probable result that the default will be set aside. Further, this is not a situation in which no timely claim was filed or filed very late in the proceedings.

## CONCLUSION

For the reasons stated above, the Motion to Strike Claimant Javier Rosales' Unverified Claim and Answer is DENIED.[3]

---

[2] The parties were ordered at the hearing to meet and confer by Friday, August 31, 2007, to advance the trial date.

[3] Mr. Candelaria is advised it is his professional obligation and responsibility to timely comply with applicable rules and court orders. Failure to do so will result in the imposition of sanctions, which can include the sanction of striking the Claim and

**Claimants' counsel shall prepare and lodge a form of order that reflects this ruling within five (5) days following the date of service of this decision.**

IT IS SO ORDERED.

**Dated:   August 27, 2007**              /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE

---

**Answer and entry of a default and default judgment in favor of the United States.**