IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:07-cv-0387-OWW-TAG |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT |
| v. | (Doc. 50) |
| 2006 DODGE CREW CAB PICKUP TRUCK, VIN: 1D7HA18266S610029, LICENSE NUMBER: 7Y86727, | OBJECTIONS DUE WITHIN 15 DAYS |
| Defendant. | |

**INTRODUCTION**

This is a civil forfeiture action against the defendant 2006 Dodge Crew Cab Pickup Truck (Defendant vehicle) seized as the result of an undercover operation by the Kings County Narcotics Task and adopted by the Drug Enforcement Agency ("DEA"). (Doc. 1). Plaintiff United States of America ("Plaintiff") seeks default judgment against the potential interests of the following individuals in the Defendant vehicle: Alfredo Yepez ("Yepez"), Eduardo Martinez Mendoza ("Mendoza"), Fernando Garcia Ponce ("Ponce"), and Jose Aguilera Gonzales (Gonzales") (collectively, the "interested parties").[1] (Doc. 50). Plaintiff also seeks entry of a final *in rem* judgment of forfeiture vesting in it all right, title, and interest in the Defendant vehicle. (Doc. 50). This matter was referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

The matter came on regularly for hearing on Monday, May 5, 2008 at 9:30 a.m. at 1200 Truxtun Avenue, Suite 120, Bakersfield, California. Assistant United States Attorney Stephanie Borchers

---

[1] On March 28, 2008, a default judgment was entered for Plaintiff and against claimant Javier Rozalez pursuant to Court order (Docs. 45, 49).

1

appeared telephonically on behalf of Plaintiff. There were no appearances by or on behalf of the interested parties or any party other than Plaintiff, and no pleadings were filed in opposition to the application. The Court has read and considered the pleadings and issues the following Findings and Recommendations.

## **FACTUAL BACKGROUND**[2]

On March 9, 2007, Plaintiff filed a verified complaint for forfeiture *in rem* alleging that the Defendant vehicle was seized from the interested parties in Hanford, California, during a Kings County Narcotics Task Force operation. (Doc. 1, ¶¶ 6, 10-12). On August 18, 2006, Gonzales and an undercover officer ("UO") allegedly met in a parking lot where the Defendant vehicle, occupied by the remaining interested parties, was located, at which time Gonzales and the UO approached the Defendant vehicle and the interested parties showed the UO four packages of methamphetamine. (Doc. 1, ¶¶ 9, 11). The interested parties immediately were arrested and subsequently indicted for, inter alia, conspiracy to distribute and possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a) and (b). (Doc. 1, § 13). Law enforcement officers searched the Defendant vehicle and found four oblong packages, which contained a total of 2,268.2 grams of methamphetamine, and a loaded handgun. (Doc 1, ¶ 12). Plaintiff contends that the Defendant vehicle is subject to forfeiture because it constitutes a conveyance that was used, or intended to be used, to facilitate drug trafficking, pursuant to 21 U.S.C. § 881(a)(4). (Doc. 1, ¶¶ 15, 16).

On May 4, 2007, after the DEA had published notices of nonjudicial forfeiture in the Wall Street Journal and Plaintiff had been granted leave to serve the warrant for arrest of the Defendant vehicle by publication in the local Kings County newspaper, Plaintiff filed a proof of service by publication verifying that it had published the notice with the requisite information on April 13, 2007. (Docs. 5, 6, 10). On May 15, 2007, Plaintiff filed notices that personal service had been effected on the interested parties on March 27, 2007, by the U.S. Marshals Service. (Doc. 11). Also on March 27, 2007, a warrant of arrest was issued directing the U.S. Marshals Service to arrest and

---

[2] The background recitation is derived from Plaintiff's motion, the verified complaint, and the Court's file.

2

seize the Defendant vehicle and serve the verified complaint on all interest parties, which was executed on May 15, 2007. (Doc. 13).

On May 16, 2007, Plaintiff moved for entries of default, pursuant to Federal Rule of Civil Procedure 55(a), after the interested parties failed to file claims or otherwise respond to the complaint. (Docs. 14, 15, 16, 17). On May 18, 2007, the Clerk of the Court entered defaults as to each of the individual interested parties. (Doc. 18).

## DISCUSSION

Plaintiff seeks a default judgment against the potential interests of Yepez, Mendoza, Ponce, and Gonzalez in the Defendant vehicle and a final forfeiture *in rem* vesting all right, title, and interest of the Defendant vehicle in Plaintiff.

**1. Legal Standards**

This is an *in rem* action arising from a federal forfeiture statute, and as such, it primarily is governed by the Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture in addition to the Federal Rules of Civil Procedure. The applicable Supplemental Rules do not include a default judgment procedure for forfeiture actions *in rem*. (See Supp.R.). In the absence of a Supplemental Rules procedure, the Court may apply the default procedures in Federal Rule of Civil Procedure 55.

Rule 55 requires the entry of a Clerk's default, and once a Clerk's default has been entered against a party, this Court has considerable leeway as to what it may require as a prerequisite to enter a default judgment. Fed.R.Civ.P. §55(a) and (b). A default generally bars the defaulting party from disputing the facts alleged in the complaint, but the party may argue that the facts as alleged do not state a claim. Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). "The general rule of law is that upon default the actual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-918 (9th Cir. 1987)(quoting Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted)).

**2. <u>Sufficiency of the Complaint</u>**

Supplemental Rule G(2) provides that a complaint for an *in rem* forfeiture action must, among other things, be verified, identify where the property was seized, and set forth the statute pursuant to which the forfeiture is brought. Supp.R. G(2)(a), (d), (e). Title 21, Section 881(a)(4) of the United States Code provides that a seized vehicle is subject to forfeiture if it was used, or intended to be used, "to transport, or in any way to facilitate the transportation, sale, receipt, possession, or concealment" of a controlled substance. <u>United States v. One 1986 Ford Pickup</u>, 56 F.3d 1181, 1186 (9th Cir. 1995). Any such property may be seized by the Attorney General in the manner set forth in 18 U.S.C. § 981(b). Section 981(b)(2) provides that the property subject to forfeiture shall be seized upon process issued pursuant to the Supplemental Rules by any district court having jurisdiction over the property, or by other specified means. The burden of proof is on the government to establish, by a preponderance of the evidence, that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1); see <u>United States v. Real Property Located at 5208 Los Franciscos Way</u>, 385 F.3d 1187, 1193 (9th Cir. 2004).

Here, the verified complaint alleges that the Defendant vehicle was seized on August 18, 2006, in the City of Hanford in the Eastern District of California. (Doc. 1, ¶ 2). The complaint details that facts that resulted in the interested parties taking four packages of methamphetamine from the Defendant vehicle to show to an undercover officer working with the Kings County Narcotics Task Force. (Doc. 1, ¶¶ 6-11). The complaint further alleges that, after the interested parties were placed under arrest, law enforcement officers searched the Defendant vehicle. (Doc. 1, ¶ 12). Their search revealed a large black clothing bag on the rear driver's side floor in which they found four oblong packages containing a total of 2,268.2 grams of methamphetamine, and a loaded handgun under the front passenger seat. (Doc. 1, ¶ 12). On August 31, 2006, the Defendant vehicle was adopted for forfeiture by the DEA upon the theory that it constituted a conveyance used or intended to be used in drug trafficking, and is thus subject to forfeiture pursuant to 21 U.S.C. § 881 (a)(4). (Doc. 1, ¶¶ 1, 2, 15, 16). At the time the complaint was filed, the Defendant vehicle was in

4

the custody of the U.S. Marshals Service in the Eastern District of California. (Doc. 1, ¶ 3).

The Court has considered the complaint, and finds that it meets all of the requirements of Supplemental Rule G. The complaint is verified, states the grounds for subject matter jurisdiction, *in rem* jurisdiction, and venue. The complaint sets forth the location of the property when seized and when the complaint was filed. It also describes in detail the circumstances under which it was seized. The complaint itemizes facts sufficient to establish, by a preponderance of the evidence, that the Defendant vehicle was used, or intended to be used, to violate or to facilitate a violation of the laws governing controlled substances within the meaning of 21 U.S.C. § 881(a)(4). Based on the foregoing, the Court concludes that the claims alleged in the complaint are sufficiently pled and meritorious, and are legally sufficient to state a claim for forfeiture of the Defendant vehicle.

### 3. **Notice - Legal Standards**

The Due Process Clause of the Fifth Amendment provides that the government must give notice and an opportunity to be heard before it can deprive an individual of his or her property interests. United States v. James Daniel Good Real Prop., 510 U.S. 43, 48, 114 S. Ct. 492 (1993). Notice of this action is governed by the Supplemental Rules, which, in this instance, provides for court-ordered publication in a newspaper of general circulation in the district where the action is filed. Supp.R.(4). Notice of the action must be given within a reasonable time after filing the complaint or as ordered by the court. Supp.R. G(4)(a)(i). Unless the court orders otherwise, the content of the notice must comply with Supp.R. G(4)(a)(ii)(describe the property with sufficient particularity, state the times to file a claim and answer, and name the government attorney to be served with the claim and answer), and the publication must occur with the frequency and by the means prescribed by Supp. R. G(4)(a)(iii) and (iv). The Supplemental Rules require publication only once if, before the action was filed, notice of nonjudicial forfeiture of the property was published in a newspaper of general circulation for three consecutive weeks in the district where the property was seized. Supp.R. G(4)(a)(iii)(B) and G(4)(a)(iv). The government must also send notice of the action

and a copy of the complaint to any person who reasonably appears to be a potential claimant and by means reasonably calculated to reach the potential claimant. Supp.R. G(4)(b). A potential claimant who has actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice. Supp.R. G(4)(b)(v).

Local Rule A-540(a) requires that a party seeking a default judgment in an action *in rem* shall show to the satisfaction of the court that due notice of the action and arrest of the property has been given by publication, and by personal service on the person having custody of the property or the person having custody prior to its possession by a law enforcement agency or officer, and by personal service or by certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property.[3]

**4. Notice - Analysis**

In this case, the relevant returns and documents reflect that the verified complaint was filed on March 9, 2007, and a warrant for arrest of articles *in rem* for the Defendant vehicle and all interested parties was issued on March 12, 2007. (Docs. 1, 5). The warrant was executed as to the Defendant vehicle on March 27, 2007. (Docs. 12, 13). On the same day, the U.S. Marshals Service personally served the potentially interested parties with a copy of the complaint, application and order for publication, civil case new documents, court notices and orders, and a letter dated March 15, 2007. (Doc. 10). The returns of service reflect that the interested individuals accepted personal service. (Id.). The Court has considered the content and manner of notice given to the interested parties and finds that it satisfied the requirements of Supp.R. G(4)(b) and 18 U.S.C. § 983(a)(4)(A).

Notice of this action and the arrest of the Defendant vehicle was also published. On March 9, 2007, Plaintiff applied for an order for publication, which this Court granted on March 15, 2007. (Docs. 2, 6). In accordance with the order for publication, notice of this action and the arrest of the

---

[3] The legal owner of the Defendant vehicle is Javier Rozalez, rendering him the only individual that Plaintiff was required to personally serve. Local Rule A-540(a)(3); (Doc. 50-2, ¶¶ 4, 5, Exh. B & C). In the instant case, however, Plaintiff, in addition to service by publication, also had the U.S. Marshals Service personally serve Yepez, Mendoza, Ponce, and Gonzales. (Docs. 10, 11).

6

defendant currency was published once in The Hanford Sentinel, a newspaper of general circulation in Kings County, after the DEA published notice of the nonjudicial forfeiture of the Defendant vehicle in the Wall Street Journal once each week for three weeks on October 30, November 6, and November 13, 2006.  (Doc. 6, 10).  The Court has considered the content, manner, and place of publication, and finds that publication in a manner consistent with the publication order was made on April 13, 2007, and proof of publication was filed on May 14, 2007.  (Id.).

Based on the foregoing, the Court finds that Plaintiff has given proper notice of this action.

**5. Default Judgment**

Supplemental Rule G(5) provides that, if an individual has an interest in the defendant property, he may challenge the forfeiture by filing a verified claim within 35 days of the date that the plaintiff served the complaint or 30 days after the date of notice by publication.  If the potentially interested person does not comply with this Supplemental Rule, he does not establish standing as a party to the action.  United States v. Real Property, 135 F.3d 1312, 1316-1317 (9th Cir. 1998).  Moreover, the plaintiff may seek a clerk's entry of default for failure to timely answer or otherwise respond to the complaint.  Fed.R.Civ.P. 55(a). After the clerk's default is entered, the plaintiff may move for a default judgment as to the interests of the defaulting potential claimants in the defendant property and against all other interests.  Fed.R.Civ.P. 55(b).

On May 18, 2007, the Clerk of the Court properly entered the defaults of Yepez, Mendoza, Ponce, and Gonzalez pursuant to Plaintiff's request because more than 30 days had passed since the dates that each individual was given notice of this action, and since the publication was completed. (Docs. 10-18).  Because almost one year has passed since the Clerk's Entries of Default, and none of the above-named potential interested parties have filed a claim, responded to Plaintiff's complaint, or challenged their defaults, the undersigned recommends that a default judgment be entered against them and any interest they may have in the Defendant vehicle.

Additionally, Javier Rozalez ("Rozalez") filed the only claim and answer in this action. (Docs. 7, 8, 22).  On March 13, 2008, the Court ordered that Rozalez's claim and answer be stricken

7

and a default judgment be entered against him. (Doc. 45). On March 28, 2008, a default judgment was entered against Rozalez. (Doc. 49).

### 6. Request for *In Rem* Judgment

To obtain an *in rem* judgment in a civil forfeiture action, Plaintiff must show that it is entitled to a judgment not only against all claimants and potential claimants, but also against the property to be forfeited, affecting the interests of all persons in the property. Hanson v. Denckla, 357 U.S. 253, 246 n.12, 78 S. Ct. 1228 (1958).

In this case, as discussed above, Plaintiff has provided proper notice and the claims alleged in the complaint are sufficiently pled and meritorious and are legally sufficient to state a claim for forfeiture of the Defendant vehicle. It appears that none of the interested parties are infants, incompetent, or members of the military services. (See Doc. 1). More than 30 days have passed since the dates that each known potential claimant was given notice of this action, and since the publication was completed.

There are no apparent risks of mistake or excusable neglect by anyone with an interest or a potential interest in the Defendant vehicle or of a dispute as to a material fact essential to Plaintiff's claims in this action. There is no just cause for delay. There is no reason why the general policy in favor of a decision on the merits would warrant refusing to enter the default judgments requested. Plaintiff has shown that it is entitled to a default judgment of forfeiture with respect to the Defendant vehicle, and that it is entitled to judgment not only against the potential interests of Yepez, Mendoza, Ponce, Gonzales, and Rozalez, but also against the interests of all persons in the Defendant vehicle.

## RECOMMENDATIONS

Accordingly, the Court recommends that:

1. Plaintiff United States of America's application for default judgment against the interests of Alfredo Yepez, Eduardo Martinez Mendoza, Fernando Garcia Ponce, and Jose Aguilera Gonzales in the Defendant vehicle be GRANTED;

    2. A final judgment of forfeiture eliminating the interests of Alfredo Yepez, Eduardo Martinez Mendoza, Fernando Garcia Ponce, Jose Aguilera Gonzales, and Javier Rozalez and vesting in Plaintiff United States of America all right, title, and interest in the Defendant vehicle be ENTERED; and

    3. Plaintiff United States of America be ORDERED, within 10 days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with these findings and recommendations and the order adopting them.

    These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with these findings and recommendations, any party or claimant may file written objections with this Court and serve them on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **May 14, 2008**                                                                          **/s/ Theresa A. Goldner**
                                                                                                        UNITED STATES MAGISTRATE JUDGE